

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00045-CV
_____

IN THE INTEREST OF P.D., A CHILD

On Appeal from the 316th Judicial District
Hutchinson County, Texas
Trial Court No. 43,918; Honorable James Mosely, Presiding

June 23, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Biological father, C.D., appeals the trial court's judgment terminating his parental rights to the child, P.D. On appeal, he challenges the evidence supporting the trial court's finding that termination of his parental rights was in the child's best interest. We affirm.

*Background*

Based on reports of drug use, domestic violence, and neglectful supervision, the Department became involved with the family in December 2018. Shortly thereafter, both parents and the child tested positive for methamphetamine. The Department initiated

family-based service plans, and the trial court ordered the parents to undertake a number of services for drug abuse, parenting, mental health, and domestic violence issues.

C.D.'s visitation with P.D. was, early on, fairly consistent, becoming more sporadic over time as did his contact with the Department. Eventually, visitation sessions were discontinued because he did not attend them. C.D. failed to work through the specific services ordered though he did complete some similar classes through his stay at an Intermediate Sanction Facility (ISF).

C.D. was arrested several times throughout this case. His charges included domestic assault, theft, and burglary of a habitation. During the pendency of the Department's involvement, C.D. submitted to one drug test, which was positive for marijuana and methamphetamine. He either refused or failed to show for the several other drug test appointments. The Department caseworker testified that he failed to maintain employment or appropriate housing during the pendency of the case and the periods in which he was not incarcerated. C.D. testified that he was, in fact, employed. However, he was either paid in cash or in kind through a camper rental situation. Consequently, his employment was not subject to verification to the Department's satisfaction.

He also testified that he was unable to make it to most of the parenting classes in nearby Borger due to a lack of transportation. He admitted that he failed to fully comply with the service plan but attempted to excuse his failure by citing financial difficulties and lack of support.

At the time of trial in February 2021, C.D. had been in jail since July 2020. Also, during the time in which he was not incarcerated he admitted to spending time in the company of people known to be involved with in sale or use of drugs.

His parental relationship with P.D. was terminated.[1] The trial court found that several of the Texas Family Code's statutory grounds supported termination and that termination was in P.D.'s best interest. He appeals that termination now, challenging only the trial court's determination that termination of C.D.'s parental rights is in P.D.'s best interest.

*Analysis – Best Interest of the Child*

Parental rights may be involuntarily ended if a two-pronged test is met. That is, clear and convincing evidence must establish both one or more of the statutory grounds permitting termination and termination must be in the child's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020); *In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019) (per curiam). C.D. does not dispute that clear and convincing evidence established the first prong and, thereby, implicitly conceded that sufficient evidence supports the trial court's findings under Subsections (D), (E), (N), (O), (P), and (Q). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), (P), and (Q). Therefore, unchallenged predicate statutory grounds support the termination of C.D.'s parental rights. Furthermore, said evidence can support the trial court's best interest finding. *See In re E.A.F.*, 424 S.W.3d 742, 750 (Tex. App.—Houston [14th Dist.] 2014, pet denied) (citing, *inter alia*, *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002)); *see also In re T.C.*, No. 07-18-00080-CV, 2018 Tex. App.

---

[1] P.D.'s mother, whose rights were also terminated by the trial court's order, has not appealed that judgment.

LEXIS 6769, at *13 (Tex. App.—Amarillo Aug. 23, 2018, pet. denied) (mem. op.) (noting that a parent who opts to forgo a challenge to predicate ground findings tacitly concedes that sufficient evidence supports those findings). We turn our analysis to the evidence supporting the trial court's best-interest finding.[2]

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors in performing their analysis. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Those factors include the following: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d at 27. "A trier of fact [also] may measure a parent's future conduct by his past conduct [in] determin[ing]

_____

[2] To determine whether the evidence is legally sufficient to support the trial court's best-interest finding, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable fact-finder could form a firm belief or conviction that termination of parental rights is in the child's best-interest. *See In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).

We must perform "an exacting review of the entire record" in determining the factual sufficiency of the evidence supporting the termination findings. *In re A.B.*, 437 S.W.3d 498, 500 (Tex. 2014). We review the whole record to decide whether a fact-finder could reasonably form a firm conviction or belief that termination of the parent-child relationship would be in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28.

4

whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

Here, C.D. continued to use drugs throughout the pendency of the Department's involvement. *In re F.A.R.*, No. 11-04-00014-CV, 2005 Tex. App. LEXIS 234, at *11–12 (Tex. App.—Eastland Jan. 13, 2005, no pet.) (mem. op.) (noting that a parent's continued drug use "demonstrates an inability to provide a stable environment for [the child] and an inability to provide for [the child's] emotional and physical needs"). Indeed, it appears that C.D. has a prolonged and continued history of using a variety of drugs, including heroin, methamphetamine, and marijuana. The fact that C.D. continued to use drugs and associate with known individuals in the drug scene demonstrates poor judgment and underdeveloped parenting skills. It also may serve to demonstrate that, despite having attempted to take parenting classes through his ISF stay, he remained unable to recognize the dangers that drug abuse and the associated lifestyle pose to P.D.[3] *See In re B.S.W.*, No. 14-04-00496-CV, 2004 Tex. App. LEXIS 11695, at *23 (Tex. App.—Houston [14th Dist.] Dec. 23, 2004) (mem. op.) ("The trial court could also consider the

---

[3] While on the topic of dangers to P.D.'s physical and emotional well-being, we note that, pursuant to the Texas Supreme Court opinion in *In re N.G.*, we generally review the trial court's findings under section 161.001(b)(1)(D) and (E) when challenged. This is so because of the potential future consequences to a parent's parental rights concerning a different child. *See In re N.G.*, 577 S.W.3d at 235–37. The record here reveals a pattern of drug abuse, domestic violence, and criminal conduct. A parent's drug use and the effects of that drug use on the parent's life and ability to parent may establish an endangering course of conduct supporting termination under section 161.001(b)(1)(E). *See In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). We add that P.D. tested positive for methamphetamine upon her removal from the parents. Further, there is evidence that the parents' relationship was one involving domestic violence. Based on this evidence, the trial court could have found that C.D. engaged in a voluntary, deliberate, and conscious course of conduct and that his actions endangered the child's physical and emotional well-being. *See D.M. v. Tex. Dep't of Family & Protective Servs.*, No. 03-20-00557-CV, 2021 Tex. App. LEXIS 2795, at *36 (Tex. App.—Austin Apr. 14, 2021, no pet.) (mem. op.) ("Father has a history of drug use, which resulted in [the child] testing positive at high levels for methamphetamine when she was eighteen months old, and a history of domestic violence, both of which harm a child's well-being."). The record contains sufficient evidence upon which the trial court could have found that subsections (D) and (E) supported termination of C.D.'s parental rights.

emotional danger to [the child] in continuing a relationship with a [parent] who would come in and out of her life because of drug use or incarceration, disrupting any permanency or stability for [the child].").  His ongoing drug use also was the basis for the earlier termination of the parental relationship with two other of his biological children.

He also engaged in domestic violence against the mother of P.D.  This history of domestic violence and discord is relevant to whether termination is in the child's best interest.  *In re J.A.P.*, No 06-08-00092-CV, 2009 Tex. App. LEXIS 2422, at *10 (Tex. App.—Texarkana Apr. 1, 2009, no pet.) (mem. op.) (quoting TEX. FAM. CODE ANN. § 263.307(b)(7) and noting that a history of abusive or assaultive conduct of the child's family should be taken into account when determining if termination is in the child's best interest).

His participation in court-ordered services to address the drug abuse and domestic violence issues was minimal.  This suggests that C.D. was unable or unwilling to address the issues necessitating P.D.'s removal.  *See M.B. v. Tex. Dep't of Family & Protective Servs.*, No. 03-20-00533-CV, 2021 Tex. App. LEXIS 2796, at *34 (Tex. App.—Austin Apr. 14, 2021, no pet.) (mem. op.) (considering in best-interest analysis a mother's refusal to avail herself of services or programs that could help her).

C.D.'s visitation with P.D., while initially regular, grew scant and inconsistent, ultimately prompting the visitation to be halted altogether based on his lack of participation.  Currently, P.D. is in the care of a maternal relative who is meeting the child's physical and emotional needs.  P.D. also is doing well in current placement with maternal relatives.  *See In re T.A.G.*, No. 04-20-00565-CV, 2021 Tex. App. LEXIS 3903, at *14

6

(Tex. App.—San Antonio May 19, 2021, no pet. h.) (mem. op.) (considering in best-interest analysis that "the children were thriving" in their current placement).

C.D. maintains that his rights were terminated due to factors attributable to his poverty. This position, however, overlooks a great deal of the history of drug abuse and criminal activity, including domestic violence. It also overlooks the fact that C.D. has conceded the evidence supports the trial court's finding that he engaged in conduct or put P.D. in an environment which endangered her physical and emotional well-being. It also ignores the evidence supporting the other predicate grounds found by the trial court in its judgment that support termination of C.D.'s relationship with P.D. C.D. testified to his love for P.D., to his efforts and misfortune, and to his acknowledgement of his imperfections. However, a court's inquiry is not whether C.D. loves P.D. or whether C.D. suffered hardships in his life that might account for his shortcomings; rather, our focus lies on the best interest of P.D. And, ultimately, the *Holley* factors weigh in favor of the trial court's finding that termination of C.D.'s parental rights is in the best interest of P.D.

We hold that the evidence of record is clear and convincing evidence upon which the trial court could legitimately determine that termination of the parental relationship was in the child's best interest. We overrule appellant's sole issue and affirm the trial court's judgment terminating the parent-child relationship between C.D. and P.D.


Per Curiam

7